IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIE C. JENKINS,

    Plaintiff,

vs.                                                                       No. CIV 99-1196 MV

COUNTY OF DOÑA ANA, NEW MEXICO,
d/b/a/ DOÑA ANA COUNTY DETENTION
CENTER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion for Summary Judgment filed April 18, 2000 **[Doc. No. 24]**. The Court, having considered the motion, relevant law, and being otherwise fully informed, finds that the motion is not well taken and will be **DENIED**. Plaintiff is ordered to file a Motion to Withdraw the Admissions of Fact pursuant to Federal Rule of Civil 36(b) within thirty (30) days of this Order. In addition, Plaintiff shall have thirty (30) days from the date of this Order to file a Response Opposing Defendant's Motion for Summary Judgment setting forth facts, supported by affidavits, documents, or other evidence, which meet the legal elements of employment discrimination.

## FACTUAL BACKGROUND

Plaintiff William Jenkins, proceeding *pro se*, brings this action against Defendant County of Doña Ana alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq*. In his Complaint Plaintiff alleges that he was discriminated against, harassed and wrongly terminated from his employment as a correction officer for the Doña Ana

County Detention Center (DACDC) on the basis of race. Plaintiff alleges that he suffers from pseudo folliculitis barbae, a skin condition disproportionately affecting people of African-American descent. This skin condition allegedly made it very difficult for Plaintiff to shave his facial hair in accordance with DACDC policy. Plaintiff alleges that the management at DACDC was hostile towards Plaintiff's requests that he be allowed to wear a beard. Plaintiff alleges that he was treated less favorably than similarly situated non-African-American employees, and that his job standing and promotability was thus undermined. Plaintiff was subsequently discharged for "job abandonment" which Plaintiff alleges was a pretextual and false justification. On March 20, 2000, Defendant served Plaintiff's then-counsel with interrogatories, requests for production and requests for admission. The responses were due on or before April 24, 2000. On April 17, 2000, Plaintiff's counsel withdrew from representation. On April 17, 2000, an order was entered staying discovery for thirty days or until substitute counsel entered an appearance. On April 18, 2000, Defendant filed a Motion for Summary Judgment. Plaintiff failed to respond. On July 13, 2000, this Court instructed Plaintiff to obtain substitute counsel or respond to Defendant's Motion for Summary Judgment within fourteen days. On August 7, 2000, Plaintiff filed notice with the Court of his intention to proceed *pro se* and a issued a settlement demand statement. However, Plaintiff did not respond to Defendant's Motion for Summary Judgment as ordered by the Court. On July 20, 2000, Chief Magistrate Deaton ordered that due to Plaintiff's failure to respond to Defendant's request for admissions, all eighteen requests were deemed admitted. These admissions essentially undermine Plaintiff's complaint. For example, as a result of the admissions Plaintiff admits that he was never harassed or subject to racial discrimination; that he was not treated less favorably than similarly situated non-African American employees; that he was justifiably terminated for job abandonment, and that he was not damaged by

the termination. Based upon Plaintiff's admissions, Defendant filed a Supplemental Brief Supporting Motion for Summary Judgment on July 21, 2000.

## LEGAL STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A party seeking summary judgment bears the initial responsibility of informing the court of the basis for the motion, and identifying the evidence which it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Under Rule 56(c), summary judgment is appropriate when the court, viewing the record in the light most favorable to the non-moving party, determines that "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Thrasher v. B&B Chemical Co.*, 2 F.3d 995, 996 (10th Cir. 1993).

Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion. *See Harsha v. United States*, 590 F.2d 884, 887 (10th Cir. 1979). The court construes the pleadings of a pro se defendant more liberally than

if they were filed by an attorney. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## DISCUSSION

In the instant action, Plaintiff's failure to respond to two significant Motions filed by Defendant could be fatal to his suit against the Defendants, those motions being Defendant's Request for Admissions, filed March 20, 2000; and Defendant's Motion for Summary Judgment, filed April 18, 2000. Rather than rule on Defendant's motions without the benefit of responses from Plaintiff, the Court will give Plaintiff an additional opportunity to proceed with this litigation.

Courts have given pro se litigants wide latitude in complying with court rules and procedures. *See Whitney v. State of N.M.*, 113 F.3d 1170, 1173 (10th Cir.1997). A pro se litigant is entitled to fair notice of the requirements to oppose summary judgment before the Court grants summary judgment against the Plaintiff. *See Kingle v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). Likewise, pro se litigants are entitled to notice that matters found in requests for admission will be deemed admitted unless responded to within 30 days after such requests have been served. *See Diggs v. Nevada*, 181 F.R.D. 468, 469 (D. NV. 1998) ("To hold otherwise would allow parties opposing pro se prisoner complaints to use Rule 36 procedures as a snare which prevents pro se prisoners from opposing summary judgment"). This Court acknowledges that the various instructions to Plaintiff have not been sufficiently clear to guide a pro se litigant. Plaintiff has not been given sufficient notice of the consequences of his failure to respond to Defendant's Requests for Admissions nor of his failure to respond to Defendant's Motion for Summary Judgment.

The Court does not favor granting a summary judgment motion filed against a pro se Plaintiff without having the benefit of a response from such Plaintiff. Further, the Court is loathe to dismiss

4

a suit on the merits on procedural grounds. This Order attempts to balance the interests in proceeding efficiently and quickly with avoiding the harsh result of dismissing lawsuit on the merits against a pro se Plaintiff on the basis of procedural grounds.

      A.      <u>Effect of Defendant's Request for Admissions</u>

Defendant's motion for Summary Judgment is based in part on the request for admissions served on Plaintiff by Defendant on March 20, 2000. Under Federal Rule of Civil Procedure 36(a), the matters for which admissions are requested are deemed admitted if the party does not respond within 30 days after service of the request. Based upon FED. R. CIV. P. 36(a), Magistrate Judge Deaton deemed the requested admissions admitted by Plaintiff. The effect of these admissions significantly undermines the merits of Plaintiff's claim in that the admissions concede that Plaintiff did not suffer discrimination or harassment. Rather than determining the summary judgment motion based on the admissions, the Court is inclined to allow Plaintiff an additional opportunity to address the merits of his claim. *See Diggs v. Nevada*, 181 F.R.D. 468, 469 (D. NV. 1998) (pro se litigants are entitled to fair notice of the effect of failing to respond to requests for admission in a summary judgment proceeding). Because the matters have already been deemed admitted by Magistrate Judge Deaton, Plaintiff must file a Motion to Withdraw the Admissions, and then must respond to Defendant's Requests for Admissions.

In so allowing the Plaintiff to withdraw admissions, the Court notes that district courts have considerable discretion over the withdrawal of admissions once they have been made. *See Farr Man & Co. v. M/V*, 903 F.2d 871 (1st Cir. 1990); Wright and Miller, Federal Practice and Procedure § 2264 (Supp.1991). Further, in allowing Plaintiff to file a response to Defendant's Request for Admissions, the Court notes that the sanctions expressed by Federal Rule of Civil Procedure 36(a)

are not mandatory.  The Rule expressly provides that this Court may shorten or lengthen the time a party is allowed to respond. *See* FED. R. CIV. P. 36.  As such, "[b]ecause the district court has the power to allow a longer time, courts and commentators view this to mean that the court, in its discretion, may permit the filing of an answer that would otherwise be untimely." *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1312 (8th Cir.1983); *see also* 8 C. Wright & A. Miller, Federal Practice and Procedure § 2257, at 719-20 (1970) (hereinafter "Wright and Miller").  The Court does not believe that to conclusively hold these central facts to be admitted against this pro se defendant would further the interests of justice.  The Court, while fully aware that to condone Plaintiff's failure to respond potentially undermines the valuable benefits of Rule 36(a), is nonetheless reluctant to use Rule 36 procedures as a snare for this unwary pro se defendant.  "It does not further the interests of justice to automatically determine all the issues in a lawsuit and enter summary judgment against a party because a deadline is missed." *Hadra v. Herman Blum Consulting Engineers*, 74 F.R.D. 113, 114 (N.D.Tex.1977).  *See also Pickens v. Equitable Life Assur. Soc. of U.S.*, 413 F.2d 1390, 1393 (5th Cir.1969) (holding that requests for admissions as to central facts in dispute are beyond the proper scope of the rule that requests not specifically denied or objected to in writing shall be deemed admitted).  Although it is difficult to evaluate the merits of Plaintiff's claim without any responsive pleadings filed on his behalf, the Court notes that the Complaint states a potentially viable cause of action for employment discrimination.  In particular, Plaintiff fully states the elements of a Title VII claim and provides a list of potential witnesses who were likewise allegedly discriminated against, thus supporting Plaintiff's allegation that Defendants were engaged in a pattern or practice of discrimination.  Rather than dismissing the action of a pro se litigant based on his failure to respond to requests for admissions, the Court will allow Plaintiff an opportunity to move to withdraw the

6

damaging admissions pursuant to Federal Rule of Civil Procedure 36(b) which provides that "the court may permit withdrawal or amendment [of the admissions] when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that the withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits."

      B.     <u>Merits of Defendant's Motion for Summary Judgment</u>

Turning to the merits of Defendant's motion for summary judgment, the Court reiterates that it does not serve the interests of justice to grant summary judgment against Plaintiff without providing the pro se litigant with fair notice of the consequences of failing to respond to or oppose Defendant's motion. Therefore, the Court will articulate what Plaintiff needs to present to the Court in order to survive a motion for summary judgment in a case alleging employment discrimination.

In order to maintain a claim for employment discrimination under Title VII, the Plaintiff has the burden of proving a *prima facie* case of discrimination, through which the Plaintiff must show that (1) he belongs to a protected class (in this case a protected racial minority group); (2) that he was qualified for the job he was performing; (3) that, despite his qualifications, he was discharged or terminated; and (4) that the job remained available after his termination. *See Lowe v. Angeleos Italian Foods*, 87 F.3d 1170, 1174 (10th Cir. 1996) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 803 (1973). Once Plaintiff has offered facts to prove a *prima facie* case, the burden then shifts to Defendant to show that there was a legitimate business justification for Plaintiff's termination. *See id.*

In this case, Defendant argues that Plaintiff was terminated for failure to comply with work related facial hair grooming requirements and due to unexcused absences. Because Defendant raises

a legitimate business justification for Plaintiff's termination, in order to prevail on a summary judgment motion, Plaintiff must offer evidence suggesting that the justifications proffered by Defendant are mere pretext for discrimination. *See id.*  For example, pretext may be shown by direct evidence of discrimination, such as derogatory statements made by the employer. *See Spulak v. K Mart Corp.*, 894 F.2d 1150, 1155 (10th Cir. 1990).  Pretext may also be inferred from indirect evidence suggesting that similarly situated employees who were not minorities were treated differently than Plaintiff.  *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1261 (10th Cir. 1988) (pretext found where a minority employee was terminated for violating a work rule, but nonminorities who violated similar rules were merely suspended).  Likewise, pretext may be demonstrated by evidence that the justifications made by Defendant are simply not factually correct. *See, e.g., Ingram v. Missouri Pac. R.R.*, 897 F.2d 1450, 1455 (8th Cir. 1990).  Finally, pretext may be suggested where the Defendant has engaged in a pattern of racial discrimination.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 805 (1973).  Thus, in order to prevail on Defendant's summary judgment motion Plaintiff must file a response which sets forth material facts that support the above stated legal elements of employment discrimination. In addition, it is advisable for Plaintiff to set forth any objections or disputes to Defendant's version of facts or events.  The response must contain more than mere assertions of Plaintiff's rendition of events.  Rather, it must contain affidavits or other evidence to support Plaintiff's contention that he was fired due to race discrimination.

To reiterate, the Court does not wish for Mr. Jenkins to conclude from this Order that the rules of legal procedure do not apply to him simply because he is a pro se defendant.  Rather, the Court is holding that to conclusively find the facts central to this litigation against Plaintiff without giving him an opportunity to be heard would not further the interests of justice.  Pro se litigants are

entitled to fair notice of the ramifications of failing to file responsive briefings. Without any responsive briefings from Plaintiff, the Court cannot evaluate the merits of Plaintiff's claim. Consequently, at this stage in the litigation, the Court would be granting Defendant's motion for summary judgment solely based on Plaintiff's failure to respond, rather than on a consideration of the merits. The Court does not favor dismissing a potentially viable claim of a pro se litigant without considering the merits, particularly where the pro se litigant may not have understood the consequences of his failure to respond. In furtherance of the competing goals of this Court to prevent injustice to Plaintiff while at the same time preventing frivolous litigation, the Court orders that the Plaintiff shall have thirty (30) days from the issuance of this Order to file a Motion to Withdraw the Admissions of Fact pursuant to Federal Rule of Civil 36(b). In addition, Plaintiff shall have thirty (30) days from the date of this Order to file a Response Opposing Defendant's Motion for Summary Judgment setting forth facts, supported by affidavits, documents, or other evidence, which meet the legal elements of employment discrimination as described by the Court above. At that time the Court will entertain a renewed Motion for Summary Judgment by the Defendant. If Plaintiff is unable to comply with the deadlines imposed by the Court he should notify the Court forthwith and offer good cause why the Court should not dismiss this action for failure to prosecute.

**WHEREFORE,**

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment is hereby **DENIED**.

**DATED** this 24th day of October, 2000.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE